Narr. The first count was on a promissory note from David Morgan to Christopher Brooks for $71, payable in six months and dated 14 February 1827. Second count. Indebitatus assumpsit for $71, the price of a horse and saddle. Third count. On a note, Thomas Stevens to Christopher Brooks for $71, and the guarantee of David Morgan in consideration of the sale of a horse and saddle by Brooks to Morgan. Fourth count. That Morgan being indebted to Brooks procured Stevens to give his note to Brooks and in consideration of his indebtedness guaranteed the payment of this note. *Page 124 
The note was as follows:
"Sixty days after date I promise to pay Christopher Brooks $71, for value received, with interest from the date hereof. February 14, 1827.
 (Signed) Thomas Stevens."
Endorsed thus:
"Six months after date I do hereby guarantee and secure to Christopher Brooks the payment of the within note, for value received.
 (Signed) David Morgan."
The plff. proved the admission of Morgan that he had brought a horse and saddle of Brooks for $71. He also produced the record of the discharge of Thomas Stevens as an insolvent debtor on the 30 March 1827, on which occasion Morgan was returned as a creditor.
Rodney, for the deft. contended —
That the plff. ought to have proved a demand on Stevens and notice to the deft. That the insolvency of Stevens was not an excuse for the want of notice. That this guarantee was within the statute of frauds and without consideration. In a promise to pay the debt of another the consideration of the agreement must be expressed in writing. The legal meaning of the word "agreement" embraces the consideration as well as the promise. The words "value received" do not constitute a statement of the consideration of the agreement. 2 H. Bl. 609; 1 Barn. Cres. 11; 8 Com. Law Rep. 8; 9 Mass. Rep. 316; 2Doug. 516; Digest 89; 5 East 110.
Rogers for plff.
The real nature of this transaction is that Stevens was not indebted to Brooks but was indebted to Morgan, and Morgan being indebted to Brooks, Stevens gives his note to Brooks in payment of his debt to Morgan, which note Morgan guarantees. The evidence shows that Morgan bought a horse and saddle of Brooks for the sum embraced in this note. It is therefore not an agreement to pay the debt of another. But, if treated as such, the agreement is in writing and the consideration of it is sufficiently expressed. "For value received." Moreover it is a promissory note, which legally imports a consideration. The demand and notice was not necessary. It is not the case of an indorser whose undertaking is merely a conditional one. This is a general and absolute undertaking.
First. It is contended that this is a guarantee by the defendant of a note from Stevens to plff. Generally speaking, the guarantor has a right to require that payment should be demanded of the principal and to be notified of such demand. An exception is where there is an insolvency of the original promissor. Morgan had notice of the insolvency of Stevens which was before the note was due.
Second. Is this a collateral undertaking? In a promise to pay the debt of another, the consideration of the promise as well as the agreement itself, must be in writing. The case cited from East is right. But here it is stated that this guarantee was for "value received" and this is a sufficient statement of the consideration, at least to throw the proof of want of consideration on the other side. Parol evidence *Page 125 
might be admitted of the nature of this consideration. Theobald onPrin. Surety 8.
 The plff. had a verdict for $95 70.